```
            IN THE UNITED STATES DISTRICT COURT
            FOR THE SOUTHERN DISTRICT OF TEXAS
                     HOUSTON DIVISION


EDGAR ROMAN CRUZ,              §
TDCJ-CID #1139252,             §
                               §
          Plaintiff,           §
                               §
v.                             §    CIVIL ACTION NO. H-05-1954
                               §
TROY C. BENNETT, JR., et al.,  §
                               §
          Defendants.          §
```

## MEMORANDUM OPINION AND ORDER

Edgar Roman Cruz, a Texas prisoner, has filed a civil rights suit under 42 U.S.C. § 1983 against Troy C. Bennett, Jr., Clerk of the Texas Court of Criminal Appeals.  Cruz alleges that Bennett has violated his due process rights regarding a state court criminal appeal and seeks an order recalling a state court mandate.  This action will be dismissed as frivolous.

Cruz's complaint is not entirely clear.  However, it is clear that he is complaining about Bennett's purported failure to notify him about the status of his appellate proceedings.  Cruz is serving a 35-year sentence after entering an open plea of guilty to the offense of injury to a child.  Cruz v. State, No. 11-03-00040-CR, 2003 WL 22860870 (Tex. App. -- Eastland Dec. 4, 2003, pet. ref'd).

Cruz's petition for discretionary review (PDR) was denied or refused on September 15, 2004.  See Texas Court of Criminal Appeals Website (http://www.cca.courts.state.tx.us/).  Cruz asserts that mandate was issued December 15, 2004.  See Complaint (Docket Entry No. 1) at 4.  The records of the Court of Appeals for the Eleventh District reflect that mandate was issued on December 7, 2004.  See Eleventh Court of Appeals Website (http://www.11thcoa.courts.state.tx.us/).  Cruz alleges that he filed a Motion for Rehearing En Banc of his petition for discretionary review with Bennett on November 1, 2004.  The records indicate that a pro se motion for rehearing was filed on November 3, 2004, and that the rehearing motion was untimely (http://www.cca.courts.state.tx.us/).  Cruz alleges that he filed a Motion to Suspend Decree and Recall Mandate on December 30, 2004.  See Complaint at 4.  He further states that the Eastland (Eleventh) Appeals Court overruled the motion.  The Eastland Court's records reflect that a pro se miscellaneous motion was received on December 28, 2004, filed on January 10, 2005, and overruled on January 20, 2005 (http://www.11thcoa.courts.state.tx.us/).

Cruz complains that he wrote to Bennett for a copy of the slip opinion and that Bennett refused to respond to his request.  Complaint at 4.  Cruz claims that Bennett denied him due process because Bennett never gave him notice of the disposition of his motion.  He further argues that Bennett's actions harmed him

because he could not file a petition for a writ of certiorari with the United States Supreme Court.  Cruz requests a court order that he be issued notice of the disposition of his motion.  He also seeks an order granting him adequate time to file a petition for writ of certiorari.

Cruz has failed to assert an actionable claim.  Under the Rules of the Supreme Court he had 90 days from the date his PDR was refused, or until December 14, 2004, to file a petition for writ of certiorari.  SUP. CT. R. 13.1  Neither the date of the mandate nor the untimely filed motion for rehearing have any bearing on the need to file the petition for certiorari within 90 days of the PDR refusal.  SUP. CT. R. 13.3.  Cruz was aware that his PDR was refused well within the 90-day period as evidenced by his motion for rehearing, which was filed on November 3, 2004.  Cruz bears the burden of failing to adhere to the courts' mandated procedures.  See United States v. Wilkes, 20 F.3d 651, 653 (5th Cir. 1994) (pro se parties, while entitled to liberal construction of their pleadings, are obligated to follow procedural rules).

The guarantee of due process has been restricted to situations where a government official deliberately abuses his power in order to deprive an individual of his life, liberty, or property.  See Collins v. City of Harker Heights, 112 S.Ct. 1061, 1069 n.10 (1992).  The Clerk's alleged failure to notify Cruz of a court's decision does not amount to a denial of due process.  Id.; see also

Robertson v. Plano City of Texas, 70 F.3d 21 (5th Cir. 1995) (police officers' erroneous admonitions regarding punishment and prison did not violate Due Process Clause); Small v. Dallas County, Texas, No. 3:04cv1427, 2005 WL 465153 (N.D. Tex. Feb. 28, 2005) (dismissal of § 1983 suit against Dallas County District Clerk for denial of right to appeal criminal conviction).

Moreover, Cruz seeks to challenge a state court's decision. Such relief cannot be sought in a civil rights action because it is only cognizable in a habeas proceeding. Boyd v. Biggers, 31 F.3d 279, 283 n.4. (5th Cir. 1994). Johnson v. McElveen, 101 F.3d 423, 424 (5th Cir. 1996), citing Serio v. Members of La. Bd. of Pardons, 821 F.2d 1112 (5th Cir. 1987). See also Kutzner v. Montgomery County, 303 F.3d 339, 340-41 (5th Cir. 2002) (no cause of action exists under § 1983, which implies the invalidity of a conviction unless that conviction has been overturned), citing Heck v. Humphrey, 114 S.Ct. 2364 (1994); Price v. County Clerk, Hill County, Texas, 73 Fed. Appx. 80 (5th Cir. 2003) (Heck barred prisoner's claim that clerk's false information wrongly enhanced his sentence).

The court **ORDERS** the following:

1. This civil rights action is **DISMISSED** as frivolous under 28 U.S.C. § 1915A because it lacks an arguable basis in law. Talib v. Gilley, 138 F.3d 211, 213 (5th Cir. 1998).

2. The Clerk shall send a copy of this Memorandum Opinion and Order to the parties; the TDCJ - Office

of the General Counsel, P.O. Box 13084, Austin, Texas 78711, Fax Number (512) 936-2159; and Betty Parker, United States District Court, Eastern District of Texas, Tyler Division, 2ll West Ferguson, Tyler, Texas 75702.

**SIGNED** at Houston, Texas, on this 17th day of August, 2005.

                                    _____
                                           SIM LAKE
                                    UNITED STATES DISTRICT JUDGE